UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02254-GPG

MELISSA BRANDAO,

            Plaintiff,

v.

HERDDOGG, INC.,
O'LEARY VENTURES MANAGEMENT, LLC,
WONDER FUND NORTH DAKOTA, LLLP,
LOU FAUST,
KEVIN O'LEARY,
PAUL PALANDJIAN,
ANDREW UDEN,
SHANE SCHULZ,
ROB SCHULTZ,
DEAN DIDATO,
EDWARD HAMBURG,
JASON WRONE,
JON MOYES,
JEFFREY MITCHEL,
SCOTT SHAMBO,
BETH HAMMAR,
and DOES 1-10,

            Defendants.

## THE O'LEARY DEFENDANTS' JOINDER AND MOTION TO STAY DISCOVERY

Defendants Kevin O'Leary, Paul Palandjian, O'Leary Ventures Management, LLC, and Wonder Fund North Dakota LLLP (collectively, the "O'Leary Defendants") respectfully join the HerdDogg Defendants' Motion to Stay Discovery pursuant to Fed. R. Civ. P. 26(c). *See* Doc. # 24. For the reasons set forth in that motion—and the independent reasons below as they specifically apply to the O'Leary Defendants—a complete stay of discovery pending resolution of their Motion to Dismiss is warranted.

### *D.C.Colo.LCivR 7.1 – Conferral Statement*

Counsel for the O'Leary Defendants conferred by phone with Plaintiff's counsel (John Oleske) on November 25, 2025. Plaintiff opposes the relief requested.

### I.   Incorporation of Co-Defendants' Arguments

The O'Leary Defendants fully adopt and incorporate the HerdDogg Defendants' arguments demonstrating that the *String Cheese* factors overwhelmingly favor a stay, including: (1) Plaintiff's lack of diligence and absence of prejudice from a brief delay; (2) the substantial burden that complex, multi-party discovery would impose before the pleadings are even settled; (3) the Court's interest in avoiding wasteful discovery where jurisdictional and threshold legal defects may eliminate claims or entire parties; and (4) the need to avoid unnecessary burdens on non-party investors and others. *See generally* Doc. # 24.

### II.  A Stay Is Independently Warranted Because the O'Leary Defendants' Motion to Dismiss Raises Threshold, Case-Dispositive Defects.

The O'Leary Defendants' Motion to Dismiss (the "Motion") raises multiple threshold grounds that must be decided before imposing any discovery obligations. *See* Doc. # 34 at 7–25. Each independently supports a stay. *See Namoko v. Milgard Mfg., Inc.*, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007) ("[G]ood cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party.").

### A.  <u>The Court Lacks Personal Jurisdiction Over Every O'Leary Defendant.</u>

As detailed in the Motion, none of the O'Leary Defendants is domiciled, headquartered, or conducts relevant activity in Colorado. *See* Doc. # 34 at 7–9. Plaintiff's theory of jurisdiction—based on a single disputed telephone call and speculative

2

conclusory assertions "upon information and belief"—cannot satisfy constitutional due process. And, as detailed in their Motion, RICO's nationwide-service provision cannot supply the jurisdictional hook here because the Complaint is devoid of any facts supporting an argument that the "ends of justice" exception or conspiracy theory of jurisdiction applies. Doc. # 34 at 9-10. Because the Court likely lacks jurisdiction entirely over the O'Leary Defendants, discovery should not commence until that threshold question is resolved. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.,* 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) ("[S]tays are generally favored when a jurisdictional defense … is asserted.").

### B. The PSLRA Independently Bars Plaintiff's RICO Theory.

Congress expressly forbids civil RICO claims predicated on securities-related conduct. The Motion demonstrates that the alleged predicate acts concern investment transactions, fundraising rounds, and disclosures made in connection with securities offerings. *See* Doc. # 34 at 22–23. If the RICO claims are barred—and they are—then both the claims and the jurisdiction they otherwise would supply fall away.

### C. The Complaint Fails Under Rules 8, 9(b), and 12(b)(6).

As explained in the Motion, the Complaint is a classic shotgun and group-pleaded pleading. It concedes that the alleged "forgeries," computer intrusions, and alleged misrepresentations occurred many years before the O'Leary Defendants invested in HerdDogg, yet it imputes those allegations to them through conclusory references to "Defendants." *See* Doc. #34 at 23–24. These defects reinforce why discovery should not proceed unless and until the Court determines that Plaintiff has plausibly alleged—identifying the who, what, where, and when—what the O'Leary Defendants themselves are claimed to have done wrong, rather than forcing them to engage in discovery on such

3

broad, undifferentiated allegations. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, (2009) (explaining that the Rule 8 pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Kolesnikov v. Austin*, 2014 WL 5092686, at *4 (D. Colo. Oct. 10, 2014) ("Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim.") (internal quotations omitted).

### III. The *String Cheese* Factors Strongly Favor a Stay.

Courts in this District evaluate motions to stay discovery under the five-factor test articulated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Those factors include: (a) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (b) the burden on the defendants in going forward; (c) the convenience to the Court; (d) the interests of persons not parties to the civil litigation; and (e) the public interest. *Id.* Here, each factor favors a stay.

First, Plaintiff cannot credibly claim prejudice from a brief delay. She waited years after the alleged forgery to file suit, did not commence this action until July 2025, and then waited until late October 2025 even to request issuance of a summons for the O'Leary Defendants. Even at that point, she did not act diligently in attempting service: there is no indication she ever retained a process server or attempted to serve the O'Leary Defendants. On October 30, 2025, undersigned counsel proactively requested that Plaintiff send the O'Leary Defendants a waiver of service (so they could promptly move to dismiss this case). Her counsel did not respond for nearly three weeks, until November 19. Plaintiff's own timeline defeats any assertion that immediate discovery is essential. In

4

any event, the O'Leary Defendants have implemented litigation holds and there will be no prejudice to Plaintiff in waiting to conduct discovery during the additional time it may take to resolve the Motion to Dismiss.

Second, the burden on the O'Leary Defendants would be substantial. Opening discovery now would require large-scale ESI collection and review, production of fund documents, investor materials, diligence files, and communications with state agencies, along with numerous depositions and third-party subpoenas. Imposing that burden before the Court decides core jurisdictional and legal issues would be unjust and inefficient. *See Shannan v. GEICO Gen. Ins. Co.*, 2022 WL 19567991, at *1 (D. Colo. Feb. 15, 2022) (collecting cases finding stays are warranted where preliminary motions may dispose of cases entirely).

Third, judicial economy strongly favors a stay. Until the Court resolves the Motion, the parties cannot know which claims, if any, will survive, which defendants will remain in the case, or whether any RICO theory will proceed at all. Initiating complex, multi-party discovery in that posture would impose substantial and unnecessary burden and expense—on both the parties and the Court—litigating claims (and related discovery disputes) that are likely to be eliminated once the dismissal motions are decided. *Id.* at *1 ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citation omitted).

Fourth, the interests of non-parties favor a stay. Plaintiff's theories would necessitate immediate discovery into non-party investors, limited partners, fund administrators, state economic-development officials, and others—burdens that may be

5

wholly unnecessary if the Court dismisses the claims against the O'Leary Defendants in whole or in part.

<u>Fifth</u>, the public interest supports a stay. Avoiding unnecessary and wasteful discovery, and ensuring orderly, efficient litigation, serves the public's interest in the fair administration of justice. Moving forward only after the pleadings are settled vindicates that interest.

## IV. Conclusion

For all of the foregoing reasons—and for the reasons set forth in the HerdDogg Defendants' Motion to Stay Discovery (Doc. # 24)—the O'Leary Defendants respectfully request that the Court stay all discovery pending resolution of their Motion to Dismiss, and grant any further relief the Court deems appropriate.

Respectfully submitted,

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**

/s/ Jeffrey A. Neiman
Jeffrey A. Neiman
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Brandon S. Floch
Florida Bar No. 125218
bfloch@nmfalawfirm.com
Jordan Esteban
Florida Bar No. 1025386
jesteban@nmfalawfirm.com
One Financial Plaza
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, Florida 33394
Telephone: (305) 400-4269
Fax: (954) 688-2492

Mark L. Williams
Williams & Serio
1401 Lawrence St., Suite 1600
Denver, CO 80202
Phone: 303.656.9919
Email: mlw@williamsserio.com

*Counsel for Defendants O'Leary, Palandjian, O'Leary Ventures, and Wonder Fund North Dakota*

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

John Oleske
Law Office of John Oleske
243 Main Street, Suite 50
New Paltz, NY 12561
john@johnoleskelaw.com

*Attorney for Plaintiff*


Andrew P. Shelby
Carolyn E. Isaac
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606
Phone:      312.596.5884
            312.596.5871
andrew.shelby@michaelbest.com
ceisaac@michaelbest.com

Nathan C. Dillon
Michael Best & Friedrich LLP
675 15th Street, Suite 2000
Denver, CO 80202
Phone:      303.536.1187
ncdillon@michaelbest.com

*Attorneys for Defendants HerdDogg, Inc., Lou Faust,*
*Andrew Uden, Shane Schulz, Rob Schultz,*
*Edward Hamburg, Jason Wrone, Jon Moyes,*
*Jeffrey Mitchel, Scott Shambo, and Beth Hammar*

                                                /s/ Jeffrey A. Neiman