IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-02254-GPG-NRN

MELISSA BRANDAO,

    Plaintiff,

v.

HERDDOGG, INC.,
O'LEARY VENTURES MANAGEMENT, LLC,
WONDER FUND NORTH DAKOTA, LLLP,
LOU FAUST,
KEVIN O'LEARY,
PAUL PALANDJIAN,
ANDREW UDEN,
SHANE SCHULZ,
ROB SCHULTZ,
DEAN DIDATO,
EDWARD HAMBURG,
JASON WRONE,
JON MOYES,
JEFFREY MITCHEL,
SCOTT SHAMBO,
BETH HAMMAR, and
DOES 1-10,

    Defendants.

## ORDER

    For the reasons set forth below, the Court orders this action dismissed as a sanction for Plaintiff's noncompliance.

1

## I. BACKGROUND

On January 14, 2026, this Court issued a Show Cause Order (D. 45) detailing Plaintiff's failure to respond to the following four motions:

(1) Motion to dismiss by Defendants Herddogg, Faust, Uden, Shulz, Hamburg, Wrone, Moyes, Mitchel, Shambo, and Hammar (the Herddogg Defendants) (D. 23) filed November 14, 2025.  Response deadline of December 5, 2025.

(2) Motion for sanctions by the Herddogg Defendants (D. 26) filed November 21, 2025. Response deadline of December 12, 2025.

(3) Motion to dismiss by Defendants O'Leary, Palandjian, O'Leary Ventures, and Wonder Fund (the O'Leary Defendants) (D. 34) filed December 2, 2025.  Response deadline of December 23, 2025.

(4) Motion for sanctions by the O'Leary Defendants (D. 39) filed December 9, 2025. Response deadline of December 30, 2025

As of the date of the Court's Show Cause Order, Plaintiff had not lodged a response to any of these motions, requested additional time to respond, or in any other fashion indicated why no responses were filed (*see* D. 45 at 3).  In the Show Cause Order, the Court discussed whether dismissal is a just sanction for Plaintiff's failure to respond but resolved not to decide the issue without affording Plaintiff an opportunity to respond (D. 45 at 4-6).  Plaintiff's Counsel filed a declaration on January 21, 2026, attributing Plaintiff's lack of responses to his inexperience managing a solo private law practice and preoccupation with other litigation in the Southern

District of New York and the Northern District of California (D. 46). Counsel also indicated that he would "submit proposed responses promptly following the filing of this declaration" (*id.*).

## II. LEGAL STANDARD

A Court has the inherent power to control its docket, up to and including dismissal of an action for failure to prosecute or to comply with Court Orders. *See* Fed. R. Civ. P. 41. "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citation modified).

## III. ANALYSIS

The Court provided a preliminary discussion of the *Erenhaus* factors as they apply to this case in the Show Cause Order. As for the first factor, degree of actual prejudice to the Defendants, the Court found that "[t]here is some prejudice due to the uncertainty the pending suit causes Defendants, but the short temporal span has not yet exacerbated that prejudice" (D. 45 at 5). However, when considered in light of the O'Leary Defendants' motion for sanctions which discusses how Plaintiff used this case for months to garner media and public attention, the prejudice becomes significantly more substantial as Plaintiff lodged claims and then leveraged them for media exposure while Defendants were hamstrung in their ability to show the falsity of the claims because Plaintiff did not proceed with her own case (*see* D. 39 at 2).

As for the second factor, interference with the judicial process, the Court noted that "Plaintiff essentially stalls this action by failing to respond," and "[t]his factor is in favor of dismissal" (*id.*).

The third factor, culpability of the litigant, warrants further discussion as the Court declined to weigh this factor in the Show Cause Order without affording Plaintiff an opportunity to respond. After reading Plaintiff's Counsel's declaration, the Court finds that this factor weighs in favor of dismissal. Counsel's explanation of poor time management and inexperience managing a solo practice does not provide a valid excuse for his failure to respond to the four motions and strikes the Court as unconvincing. Although Plaintiff has not responded to any of the four aforementioned motions, she has continued filing responses and objections to other matters in the interim. For example, Plaintiff filed a proposed scheduling order on November 25, 2025 (D. 28). Then, on December 5, 2025, Plaintiff responded to the Herddogg Defendants' motion to stay discovery that was filed the same day as the Herddogg Defendants' motion to dismiss (D. 26; D. 37). Plaintiff also still managed to file an objection on December 23, 2025, to Judge Neureiter's Order staying discovery (D. 42). The Court remains confused as to why Plaintiff, knowing about the response dates to the motions to dismiss and motions for sanctions, failed to respond but filed an objection to Judge Neureiter's Order.

This Court is particularly concerned about Counsel's explicit statement to Judge Neureiter on December 8, 2025, that Counsel "intend[ed] to submit the two responses to the motions to dismiss and the Rule 11 motion today" (D. 41 at 3). That representation, made on the record to a Judge of this Court, is entirely at odds with Counsel's current statement that he has "been diligently attempting to complete responses on behalf of Plaintiff to both sets of motions during the entire

4

interim, and will submit proposed responses promptly following the filing of this declaration" (D. 46 at 3). Counsel submitted that declaration on January 21, 2026 at 11:58 a.m. First, any way you slice it, Counsel's representations to the Court are disingenuous. The responses cannot have been both ready for submission on December 8, 2025 and crafted over the subsequent 46 days—over twice as long as the rules allow for response in the first instance. Further, it is unclear how Counsel might define "promptly," but this Court waited another day for the filings which have not been forthcoming. For these reasons, the Court finds that Plaintiff is culpable and this factor weighs in favor of dismissal.

This Court is cognizant of the circumstance that much of the fault currently seems to fall on Plaintiff's Counsel who fell on his sword and claimed Plaintiff was not at fault. However, a litigant is responsible for their choice of counsel and sometimes reaps the unfortunate consequences of that choice. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (rejecting petitioner's contention that dismissal of a claim because of counsel's unexcused conduct imposes an unjust penalty on the client, stating that "[p]etitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). A Plaintiff, should she choose, can proceed against Counsel for potential malpractice.

Regarding the fourth *Ehrenhaus* factor, the Court explicitly stated in the Show Cause Order that the Order provided Plaintiff with warning that dismissal of the action would be a likely sanction for noncompliance (D. 45 at 6). Therefore, this factor weighs in favor of dismissal.

Finally, the Court finds that the fifth factor, efficacy of lesser sanctions, also weighs in favor of dismissal. Counsel's conduct in other litigation suggests that his failure to take timely

actions is not an isolated incident particular to this case but pattern behavior, leading the Court to conclude that lesser sanctions are unlikely to sufficiently remedy Plaintiff's Counsel's mismanagement of this case.[1]  In an action in New York state court last year, Counsel failed to respond to motions to dismiss by the agreed upon deadline and "[r]ather than draft opposition papers, plaintiff apparently chose to draft an unsuccessful motion seeking disqualification of . . . defendants' counsel" (D. 47-1 at 2).  The New York Judge dismissed the action with prejudice (*id.*).  Additionally, in an action in the Southern District of New York, Counsel was ordered to show cause for failing to request summonses or provide proof of service within the ninety-day period set forth in Federal Rule of Civil Procedure 4(m) (D. 47-2 at 2).  These other cases show Plaintiff's Counsel's repeated failure to make necessary filings on time and leave the Court with little confidence that lesser sanctions will effectively move this case along in a timely manner.  Therefore, this factor also weighs in favor of dismissal.

Having determined that each *Ehrenhaus* factor weighs in favor of dismissing this action as a sanction for noncompliance, the Court dismisses this action.

---

[1] The O'Leary Defendants brought this issue to the Court's attention in their Notice of Objection Following Plaintiff's Response to Order to Show Cause (D. 47).  The Court does not consider Defendants' filing in its consideration of whether to impose dismissal as a sanction, but it does take judicial notice of the three court orders attached as exhibits to the Notice (D. 47-1; D. 47-2; D. 47-3).  The Court is permitted to take notice of these orders under Federal Rule of Evidence 201(b).  *See* The Court is permitted to take notice of the Supreme Court of New York Order (D. 47-1) and Southern District of New York Order (D. 47-2) under Fed. R. Evid. 201(b).  *See Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 742 n.3 (10th Cir. 2023) ("a federal court may take judicial notice of another court's publicly filed records if they have a direct relation to matters at issue.").

## IV. CONCLUSION

Accordingly, Plaintiff's action is dismissed with prejudice. It is further Ordered that all pending motions are DENIED as MOOT.[2] It is FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED January 23, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[2] This Court gave significant consideration to dismissing all claims but proceeding on the sanctions motions. And the Court cannot say that there may not be merit to that notion in light of the allegations of improper motives for filing the claims and the apparent pattern of practice by Counsel. However, the Court rather determines it to be in the best interest of justice to close this matter with prejudice. At the same time, should such a pattern continue, this Order exists as a potential example for posterity.

7